IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **QUALITY EXPERIENCE TESTING LLC** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **ANITE TELECOMS INC. AND** § <br> **ANITE PLC** § <br> § <br> **Defendants.** § | **Civil Action No. 2:14-cv-00215** <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Quality Experience Testing LLC (formerly known as Qexez, LLC) (hereinafter, "QET" or "Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendants Anite Telecoms Inc. and Anite plc, as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 7,596,373 entitled "Method and System For Quality of Service (QOS) Monitoring For Wireless Devices" (hereinafter, the "'373 patent" or the "Patent-in-Suit"). QET is the assignee of the Patent-in-Suit. QET seeks injunctive relief and monetary damages.

### PARTIES

2. Plaintiff QET is a limited liability company organized and existing under the laws of Texas with its principal place of business at 430 North Center Street, Suite 100, Longview, Texas 75601. QET is the assignee of all title and interest of the Patent-in-Suit. QET possesses the entire right to sue for, and recover past damages from, infringement of the Patent-in-Suit.

3. Upon information and belief, Defendant, Anite Telecoms Inc., is a corporation organized and existing under the laws of Delaware. Anite Telecoms Inc. can be served with process by

serving its registered agent, David Kay, at 191 N. Wacker Drive, Suite 3700, Chicago, Illinois 60606.

4. Upon information and belief, Defendant Anite plc is a corporation organized and existing under the laws of the United Kingdom. Anite plc can be served with process by serving officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, at 353 Buckingham Avenue, Slough, Berkshire, UK, SL1 4PF. Defendants Anite Telecoms Inc. and Anite plc are collectively referred to herein as "Anite" or "Defendants."

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants, including because Defendants have minimum contacts within the State of Texas, and the Eastern District of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendants have sought protection and benefit from the laws of the State of Texas; Defendants regularly conduct business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

7. More specifically, Defendants, directly and/or through intermediaries, utilize, distribute, offer for sale, sell, advertise, use, perform, and/or maintain wireless test solutions that practice methods of monitoring quality of service associated with a packet-based wireless network in the

United States, the State of Texas, and the Eastern District of Texas.  Defendants have committed patent infringement in the State of Texas and in the Eastern District of Texas, and/or have induced others to commit and/or have contributed to patent infringement in the State of Texas and in the Eastern District of Texas.  Defendants solicit customers in the State of Texas and in the Eastern District of Texas.  Defendants have paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Defendants have purposefully availed themselves of the privileges of conducting business in the Eastern District of Texas; Defendants regularly conduct business within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the Eastern District of Texas.

9. More specifically, Defendants, directly and/or through intermediaries, utilize, distribute, offer for sale, sell, advertise, use, perform, and/or maintain wireless test solutions that practice methods of monitoring quality of service associated with a packet-based wireless network in the Eastern District of Texas.  Defendants have committed patent infringement in the Eastern District of Texas, and/or have induced others to commit and/or have contributed to patent infringement in the Eastern District of Texas.  Defendants solicit customers in the State of Texas and in the Eastern District of Texas.  Defendants have paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I – PATENT INFRINGEMENT

10. QET refers to and incorporates herein the allegations of Paragraphs 1-9 above.

11. The '373 Patent was duly and legally issued by the United States Patent and Trademark Office on September 29, 2009 after full and fair examination.  QET is the assignee of all rights, title, and interest in and to the '373 Patent and possesses all rights of recovery under the '373 Patent including the right to sue for, and recover past damages from, infringement of the '373 Patent.

12. QET is informed and believes that Defendants utilize, use, perform, maintain, operate, advertise, control, sell, import, and otherwise provide software and/or hardware for, without limitation, a method of monitoring quality of service associated with a packet-based wireless network, the wireless network including at least one wireless device and a fixed transceiver wherein the wireless device comprises a mobile handset having an internal processor, an internal memory and a user input for input of data by a user of the wireless device, the method comprising: embedding a program in the processor for processing quality of service data in the handset, monitoring, by the wireless device, communication data packets associated with a communication link established between the wireless device and the wireless network; determining at least one quality of service metric to measure with respect to a user of the wireless device; receiving quality of service data from the communication data packets relevant to determine a quality of service; storing quality of service data in the memory of the handset; processing the quality of service data in the handset in a manner relevant to determining the quality of service sing the embedded quality of service program in the processor; and, wirelessly providing the processed data to the fixed transceiver wherein at least one quality of service data is input by the user using the wireless device." Plaintiff is informed and believes that Defendants

infringe the '373 patent by and through at least Nemo Handy systems, apparatus and methods.

13. Additionally, or in the alternative, upon information and belief, QET is informed and believes that Defendants have induced infringement of the '373 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising intentionally inducing infringement of the '373 patent in this judicial district, and elsewhere in the United States, including by aiding and/or abetting at least customers and/or other end users to use said systems, apparatuses, and methods.  Upon information and belief, QET is informed and believes that such induced infringement has occurred at least since each Defendant became aware of the '337 patent, which was at least upon receiving notice of this lawsuit, and that Defendants' inducement of infringement involves Defendants' knowledge that the induced acts constitute patent infringement.

14. Additionally, or in the alternative, upon information and belief, QET is informed and believes that Defendants have contributed to infringement of the '373 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising contributing to at least the use of said systems, apparatuses, and methods by customers and/or other end users, and such contributory infringement, at least from and after each Defendant received notice of this lawsuit as described above, necessarily involves knowledge that such systems, apparatuses, and methods are especially made or especially adapted for use in infringement of the '373 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

15. Each of Defendants' aforesaid activities has been without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a

result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. Defendants' infringement of Plaintiff's exclusive rights under the '373 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

18. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

19. Plaintiff hereby respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.   An adjudication that one or more claims of the '373 patent has been directly and/or indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendants;

B.   An award to Plaintiff of damages adequate to compensate Plaintiff for Defendants' acts of infringement, in an amount no less than a reasonable royalty, together with pre-judgment and post-judgment interest;

C.   A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants, and all persons acting in concert therewith, from further acts of infringement with respect to the claims of the Patent-in-Suit;

D.   That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E.  Any further relief that this Court deem just and proper.

Dated: March 12, 2014                    Respectfully submitted,

/s/ *John J. Edmonds*
John J. Edmonds – Lead Counsel
Texas Bar No. 789758
Stephen F. Schlather
Texas Bar No. 24007993
Shea Palavan
Texas Bar No. 24083616
Matthew M. Zarghouni
Texas Bar No. 24086085
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com
spalavan@cepiplaw.com
mzarghouni@cepiplaw.com

Andrew Spangler
Texas Bar No.  24041960
Spangler Law P.C.
208 N. Green St., Ste. 300
Longview, Texas 75601
Telephone: (903) 753-9300
Facsimile: (903) 553-0403

ATTORNEYS FOR PLAINTIFF
QUALITY EXPERIENCE TESTING LLC